IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


**DONALD KEITH NICKLO,**

        **Petitioner,**

v.                                              **Civil Action No. 1:07cv81**
                                                 **Criminal Action No. 1:04cr39(1)**
                                                 **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

        **Respondent.**


## HILL v. BRAXTON NOTICE

On June 15, 2007, the *pro se* petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. This case is before the undersigned for an initial review pursuant to LR PL P 83.15, et seq. Upon a preliminary review of the petition, it appears that the petitioners' motion is untimely.

## I. One-Year Time Limitation

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. The limitation period shall run from the latest of the following:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

## II. Hill v. Braxton

When a federal habeas court perceives a § 2255 motion to be untimely and the Government has not filed a motion to dismiss based on the one-year limitations period, the court must warn the petitioner that the case is subject to dismissal pursuant to § 2255 absent a sufficient explanation. See United States v. Sosa, 364 F. 3d 507 (4th Cir. 2004); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

## III. Analysis

"For purposes of the limitations period of § 2255, when there is no direct appeal, a judgment of conviction becomes final ten days from the date judgment is entered." See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed.R.Crim.P. 45(a). In this case, the petitioner's Judgment was entered on December 21, 2004 and he did not file a direct appeal. Thus, his judgment of conviction became final on or about January 6, 2005, and the petitioner had until January 5, 2006, to timely file a § 2255 motion. The instant motion was filed on June 15, 2007, more than eighteen months too late.

## IV. Conclusion

Pursuant to Hill v. Braxton, the petitioner is warned that his § 2255 motion will be recommended for dismissal unless he can demonstrate that he is entitled to have the statute of limitations equitably tolled and/or that his motion is timely filed. Consequently, the petitioner has **thirty (30) days** from this date to file any response he may have to this Order. The failure to so

respond, or to sufficiently explain why this case should not be dismissed, will result in a recommendation that Petitioners' § 2255 motion be dismissed as untimely.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia

DATED: August 9, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE