**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DONALD KEITH NICKLO,**

    **Petitioner,**

**v.**                                                          **Civil Action No. 1:07cv81**
                                                              **Criminal Action No. 1:04cr39(1)**
                                                               **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On June 15, 2007, the *pro se* petitioner filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The case was referred to the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and Standing Order No. 5.

Upon a preliminary review of the petitioner's § 2255 motion, it appeared that the motion was untimely. Thus, pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), the undersigned issued a notice advising the petitioner that his case would be recommend for dismissal unless he could show that his motion was timely. See dckt. 21. As of the date of this Order, the petitioner has not filed a reply to the Court's Hill v. Braxton notice.

### I. Factual and Procedural History

**A.  Petitioner's Conviction and Sentence**

On May 4, 2004, the petitioner was charged with one count being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 2, 2004, the petitioner

pleaded guilty. On December 21, 2004, the petitioner's plea was accepted and he was sentenced to 77 months imprisonment followed by three years supervised release.

B. **Appeal**

The petitioner did not file a direct appeal of his conviction and sentence.

C. **Federal Habeas Corpus**

In the petition, petitioner asserts the following grounds for relief:

(1) ineffective assistance of counsel for failing to challenge a tainted indictment and the grand jury process, failing to file the proper pretrial motions, and by negotiating a plea agreement in violation of the ABA Canon Code;

(2) the trial judge had a legal duty to vacate the conviction and sentence when the petitioner's substantial rights had been violated;

(3) ineffective assistance of counsel for the failure to object to the court imposing a "juxtaposed-sentence," in violation of his Canon Codes;

(4) he is in custody pursuant to a "sham" statute; and

(5) because the United States Sentencing Guidelines infringe on the double jeopardy clause.

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[1] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"For purposes of the limitations period of § 2255, when there is no direct appeal, a judgment of conviction becomes final then days from the date judgment is entered." See Sherrill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed.R.Crim.P. 45(a). In this case, petitioners' Judgment was entered on December 21, 2004. Thus, his judgment of conviction became final on or about January 6, 2005, and petitioner had one year from that date in which to timely file a § 2255 motion. The instant motion was filed on June 15, 2007, more than 18 months too late.

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). To make such a showing, petitioner must also show that he employed reasonable diligence in investigating and bringing his claims. Miller v. New

---

[1] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

Jersey State Department of Corrections, 145 F.3d 616, 617 (3rd Cir. 1998).

In this case, despite adequate notice from the Court, the petitioner has failed to show that he is entitled to equitable tolling or that his petition is otherwise timely.

### III. Recommendation

For the reasons foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion as untimely and **DISMISSING** the case with prejudice.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 24, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

4